**ORIGINAL**

# In the United States Court of Federal Claims
No. 17-2062C
(Filed: May 24, 2018)

**FILED**
**MAY 2 4 2018**
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * * *
THOMAS HEATON SPITTERS,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.
* * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER OF DISMISSAL

    This matter comes before the Court on Defendant's motion to dismiss. On December 22, 2017, Plaintiff filed his complaint in this matter. Plaintiff's complaint does not state a cause of action that is cognizable in this Court.

    Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003). Although this Court must construe the complaint in a manner most favorable to Plaintiff, the Court has no duty to create a claim where a complaint is so vague or confusing that a claim cannot be determined. Fullard v. United States, 78 Fed. Cl. 294, 299 (2007).

    Plaintiff appears to allege fraud, "criminal activities," and various torts, however this Court lacks jurisdiction over all criminal matters, as well as any action sounding in tort. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994).

7017 1450 0000 1346 1932

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

_/s/ Mary Ellen Coster Williams_
MARY ELLEN COSTER WILLIAMS
Judge